May it please the court, my name is Garth Janke. I'm only here because I don't think the claimed method is the same as the method that was cited against it within the meaning of section 102. It's a 103 rejection, but essentially it was couched or framed as the claim was anticipated by an obvious method. They're saying it's the same. They're saying we take this prior art method and we get your claim. So I think we analyze that under the reasoning of anticipation, even though it's an obviousness rejection. That's how I took it. So if they're not the same, then there's still a difference to be considered under 103 that wasn't considered. So that's my point. I think there is a difference that wasn't considered. I think the claim positively requires that the two conditions that are recited in the claim are sufficient to trigger the claimed action. And I don't think there's any dispute that the prior art doesn't satisfy that requirement. So I don't think it's the same under the terms of section 102. And that's really all I have to say. I have submitted a drawing to try to show visually the difference between the two methods. I don't know if it makes any sense to you, so I don't know if it's worth trying to talk about or not. Basically, the claim method has to be found in the prior art. And the drawing shows that it isn't, I think. Well, the board found that Cullis teaches everything that the claim requires, except whether the two queries are from the same user and that Chowdhury fills in that gap. Yeah, the board explained why the, well, first of all, the two references, they come up with a method, and there's no dispute that that method has a third condition. So the claim method, the logic of the claim is that the modified type of search will be performed if two conditions are satisfied. And the prior art has a third condition that imposes on top of that, which can reverse the result. So it's a potentially, at least, conflicting method. And so I say if it's conflicting, it's not the same. Well, let's hear from the office, and we'll see what response you may wish to make. Ms. Kelly. Thank you, Your Honor. May it please the Court. This is a case about what the prior art teaches. And in this case, the parties agree on what the claim construction is. Mr. Jenke does not dispute that the claim is open, Claim 1 is open to additional steps. Mr., the USPTO has not, as stated in his brief, read out the end-if-so limitation. Rather, the USPTO has said that Cullis teaches, the combination of Cullis and Chowdhury, teaches really two embodiments. One embodiment, where if the user confirmation step turns up a no, we don't go on to perform the ultimate search. The USPTO is not arguing that that embodiment somehow renders obvious the claim here. What the PTO is saying is that in the other embodiment, if we have the same users and the same objective, and we've performed those searches, and the user says yes, if all those conditions are met, we automatically perform that search. So, in that embodiment of Cullis and Chowdhury, that Mr. Jenke does not dispute that there is that embodiment and that happens, that the claim is obvious and that those steps are met, all those limitations are met. And that's all the Board is saying here. Well, it seems to me that this is a little bit of a confusing area. If you had a chemical process patent, for example, and said in order to achieve the desired results, you have to perform steps A, B, and C, and someone discovered that step C was not necessary, and filed a patent saying you can achieve the same result using just steps A and B, conceivably that could be patentable, right? Conceivably, yes. So, if that sort of situation played out here, and I think that's what the examiner has acknowledged, one of the back and forth between Mr. Jenke and the examiner is that the USPTO wasn't talking about removing step C. If that's an issue, if the court doesn't agree that this embodiment exists where user confirmation says yes, and we immediately proceed, that the... I mean, isn't this a situation in which the PTO is arguing that basically this third step that is user approval, or whatever you want to call it, is not necessary to accomplish the result. If that was just an additional thing that was added and under a comprising claim, it doesn't deprive the original combination of being patentable. No, I don't think that's actually how the board examined it, but I would submit that it would be obvious to remove that step of user confirmation under this case's precedent concerning automation and just streamlining things. So, what you're saying is that the board didn't disregard the removal of the third step, it just said that the removal of the third step would have been an obvious barrier. No, the board said you don't have to remove that step. The board said that step is present, and that's fine. Comprising allows that step to be present. But in the case where Cullis and Chowdhury, where you have that step and the user says yes, and that embodiment, the ultimate search is immediately performed. And there's nothing about that claim that says that you can't have that third step there. That, you know, once the first two conditions are met, a third condition can't come in between the performance of the ultimate search. The board isn't saying that you can just delete that from the prior art, and the board didn't say you could just delete that limitation from the claims. They're just saying that it is taught as is. But I would submit to you that under this court's precedent, it would have been obvious. You're saying it's not like-mind hypothetical about the chemical process, right? I'm sorry, Your Honor, what? You're saying it's not like-mind hypothetical about the three-step chemical process. I guess that I am saying that. Because the board didn't find that it was okay to just remove that step. That's a different inquiry. And if this court doesn't believe that the board interpreted the prior art as disclosing this, you know, one of two embodiments that meets the claim as everybody agrees on it, then the court should vacate and remand to the board to see whether it would have been obvious to remove that third step. I would submit, though, that that's probably not necessary here because that's the point of computers and this sort of technology is that we want to streamline things and make things easier for the user, and that if the examiner and the board had to reconsider and analyze this case under that sort of situation, that it would have been obvious to remove that third step from Cullis. Does that answer your question? I think I understand what you're saying. Okay. Well, I apologize if I wasn't more clear. Are there any other questions for me? Any more questions? Thank you. Thank you very much. Mr. Jenker, you have the last word. Thank you, Your Honor. Thank you, Your Honor. I think the word comprising allows for adding steps that won't interfere with what's already been claimed. I think if you try to add a step of not performing as the claim is saying it wants to, that isn't adding. I think that's subtracting, trying to take something away from the claim that distinguishes over the prior art, and I don't think open-ended patent claims allow for that. I would also point out that as far as whether it would have been obvious to remove that step from the prior art, actually the examiner agreed right away that it wouldn't have been. So there is some evidence, at least, in the record that that wasn't obvious to do that, and that's not what the board decided. It never got to that issue. It never got to claim construction. It just jumped to a conclusion that, well, this does what you're claiming some of the time, and that's good enough, and we're done. And I think the claim positively requires that there's just those two conditions and no more are allowed. And that's a question. I mean, maybe I'm wrong about that. Well, that position was rejected by the board, right? Well, I understand it. Well, actually, no. I'm sorry. My opinion is that it wasn't rejected. My opinion is that it wasn't considered. I don't think the board listened to anything I said. I don't think the board paid any attention to the argument I made or considered whether the claim did require something more. It just said, well, it's doing this, and that's good enough, and it quit. So I don't know that the board rejected it, but if it did, I think it made a mistake. I think the claim, the if-so language in the claim, it's conditional logic. It's saying if these things happen, then you do this. And to me, that implies, if it doesn't absolutely state, that there is no further condition that can come in and interrupt that. So I think that's a significant difference. And I would also point out that if it matters, that the reason for having that wasn't to make it easier for the searcher or for the search engine. It's a whole different way of looking at the problem that I thought I came up with. And I explain that in my brief, and you might want to read it. I don't know if it's worth going into now, but anyway. Okay, any more questions? Thank you very much. Thank you both. The case is taken under submission.